IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                    **CRIMINAL ACTION NO.: 2:19-CR-20**
                                                                   **(JUDGE KLEEH)**

**ROCKY A. TINGLER,**

    **Defendant**.

## PLEA TO INFORMATION ORDER

On July 26, 2019, came the United States of America ("the Government") by its counsel, Andrew Cogar, Assistant United States Attorney, and also came Defendant in person and by counsel, Harry Smith, Esq., for an initial appearance, arraignment and plea hearing. After placing Defendant under oath, the Court informed Defendant that if he gave false answers to the Court's questions, his answers may later be used against him in a prosecution for perjury or false statement and increase his sentence in this case. As an initial matter, the undersigned informed Defendant of his right to have an Article III Judge preside over the plea hearing. After the Court's instruction, Defendant knowingly and voluntarily waived this right and executed a written waiver of the same.

    The Court **ORDERED** the waiver filed herein.

    The Court inquired of Defendant and his counsel as to Defendant's knowledge and understanding of his constitutional right to proceed by indictment, the voluntariness of his consent to proceed by information and of his waiver of his right to proceed by indictment. Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by indictment and his agreement to voluntarily proceed by information. Defendant also executed a written waiver of the same.

The Court **ORDERED** the waiver filed herein.

The Government then summarized the terms of the plea agreement. Defendant stated in open court that he fully understood and agreed with the terms of the plea agreement and that there were no other agreements made between him and the Government. The Court noted that because the plea agreement contains certain nonbinding recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Court cannot accept or reject the plea agreement and recommendations contained therein until the Court has had an opportunity to receive and review a presentence report. The Court advised the parties that it is not bound by the stipulations contained in the plea agreement and will defer action on the stipulations until receiving and reviewing the presentence report. The Court also informed Defendant that, under the terms of the plea agreement, he is entering into a limited waiver of his right to appeal and Defendant confirmed his agreement to the waiver of his appellate rights.

The Court **ORDERED** the plea agreement filed.

The Court confirmed that Defendant had received and reviewed with his attorney the Information in this matter. Defendant waived reading of the Information in open court. The Court then reviewed with Defendant Counts One and Two of the Information, including the elements of the crime the United States would have to prove at trial and the maximum sentence for **Counts One and Two**, to which Defendant proposed to enter a plea of guilty. The Court also advised Defendant that, as part of the fine, he could be required to pay the costs of imprisonment, community confinement, or supervision. The Court also informed Defendant of the mandatory special assessment fee applicable to this case and that restitution may be an issue in this case.

The Government proffered a factual basis for the plea. Neither counsel for Defendant nor Defendant had any questions for the witness. Defendant then entered a plea of **GUILTY** to **Counts**

**One and Two** of the Information and stated that he was in fact guilty of the crimes charged in Counts One and Two of the Information.

The Court informed Defendant that the Sentencing Guidelines are merely advisory. However, under the Sentencing Reform Act of 1984, certain Sentencing Guidelines could be used in determining a sentence in this case. Defendant stated that he had reviewed the various factors taken into consideration by the Sentencing Guidelines with his attorney and that he understood that the sentence could not be determined until after the United States Probation Office had prepared a presentence report. The Court also noted that it was not bound by the recommendations or stipulations in the plea agreement and that if the sentence ultimately imposed was more severe than that expected, Defendant would not have the right to withdraw the plea of guilty.

The Court reviewed with Defendant all of the rights that are forfeited by tender of a plea of guilty. The Court advised Defendant of his right to plead not guilty and maintain that plea during a trial before a jury of his peers. The Court also informed Defendant of the right to be represented by counsel during trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that he understood all of these rights and understood that he would be giving up all of these rights by entering a plea of guilty. Defendant and his counsel stated that Defendant understood all of the consequences of pleading guilty.

Defendant stated that the plea was not a result of any threat, coercion, or harassment and that the plea was not the result of any promise except those contained in the plea agreement. Defendant stated there was nothing he had asked his lawyer to do that was not done. Defendant further stated that his attorney had adequately represented him in this matter and that neither he

nor his attorney had found an adequate defense to the charge contained in Counts One and Two of the Information.

Based upon Defendant's statements and the Government proffer, the Court finds that the plea is freely and voluntarily given, that Defendant is aware of the nature of the charges against him and the consequences of his plea, and that a factual basis exists for the tendered plea. The Court accepted Defendant's plea of guilty and deferred accepting the terms of the plea agreement and adjudicating Defendant guilty of the crime charged in Counts One and Two of the Information to the sentencing court. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and U.S.S.G. § 6B1.1(c), acceptance of the proposed plea agreement, the stipulations and the nonbinding recommendations are deferred until the Court has received and reviewed the presentence report prepared in this matter.

Pursuant to § 6A1 et seq. of the United States Sentencing Guidelines, it is hereby **ORDERED** that:

1. The Probation Office undertake a presentence investigation of Defendant and prepare a presentence report for the Court;

2. The Probation Officer and all Parties comply with mandates of Federal Rule of Criminal Procedure 32 and U.S.S.G. § 6A1.2 regarding disclosure, objection, departure motion and sentencing statement requirements;

3. The matter will be set for sentencing following receipt of the presentence report and addendum containing any unresolved objections and the probation officer's comments on them;

4. Defendant is **RELEASED on the terms of the Order Setting Conditions of Release filed herein**.

5. **IF COUNSEL ANTICIPATES A LENGTHY SENTENCING HEARING, PLEASE NOTIFY THE DISTRICT COURT SO THAT AN ADEQUATE AMOUNT OF TIME CAN BE SCHEDULED FOR IT.**

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: July 29, 2019

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE